UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In Re:                                                       CASE NO.: 09-15955-BKC-EPK
                                                             Chapter 7
THE DEWING CORPORATION

       Debtor.
_____/
MICHAEL R. BAKST, Trustee in
Bankruptcy for The Dewing Corporation,

       Plaintiff.

v.                                                           Adv Proc. No.:

GENTRY BEACH,

       Defendant.
_____/

## COMPLAINT TO AVOID AND TO RECOVER A PREFERENTIAL TRANSFER PURSUANT TO 11 U.S.C. §§ 547 AND 550

The Plaintiff Michael R. Bakst (the "Plaintiff" or "Trustee"), as Trustee in Bankruptcy for The Dewing Corporation (the "Debtor"), through undersigned counsel, sues the Defendant Gentry Beach pursuant to Bankruptcy Rule 7001 and alleges:

1. This is an adversary proceeding brought by the Trustee to avoid and to recover a preferential transfer pursuant to 11 U.S.C. §§ 547 and 550.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334(b). This is a core proceeding in which the Court is authorized to hear and determine all matters regarding this case in accordance with 28 U.S.C. §157(b)(2)(F) and (O).

3. This proceeding was filed as a voluntary Chapter 7 proceeding on April 1,

RM:7519165:1

1

2009. The Trustee was duly appointed on May 18, 2009.

4. The Plaintiff is Michael R. Bakst as Trustee in bankruptcy for The Dewing Corporation.

5. The venue of this proceeding is properly before this Court pursuant to 28 U.S.C. § 1409.

6. The Defendant Gentry Beach (the "Defendant") has done business within the state of Florida and is otherwise subject to the jurisdiction of this Court.

7. The Debtor made a $10,000.00 payment to Defendant by check dated January 23, 2009, which cleared the Debtor's bank account on January 23, 2009. A true and correct copy of this check is attached hereto as Exhibit "A."

8. On July 1, 2010, the Trustee made written demand upon the Defendant for the repayment of the subject preferential transfer. The Defendant has refused and failed to turnover the $10,000.00. A true and correct copy of the July 1, 2010 demand letter is attached hereto as Exhibit "B."

9. All conditions precedent to the bringing of this adversary proceeding have been performed, waived, or excused.

## COUNT I-AVOIDANCE OF PREFERENTIAL TRANSFER

10. Pursuant to 11 U.S.C. § 101(32), and as specifically defined therein, the Debtor was insolvent at the time of the transfer in that the sum of its debts was greater than all of its property.

11. The transfer referenced above in the amount of $10,000.00 to the Defendant from the Debtor:

(a) was to or for the benefit of a creditor of the Debtor;

RM:7519165:1

2

(b) for or on account of an antecedent debt owed by the Debtor before such transfer was made;

(c) was made while the Debtor was insolvent;

(d) was made within ninety (90) days of the date of the filing of the bankruptcy petition, or within one (1) year to an insider; and

(e) enabled the Defendant to receive more than it would receive if the case was filed under Chapter 7 of Title 11, the transfer had not been made, and the Defendant received payment of its debts to the extent provided under the provisions of Title 11 of the Bankruptcy Code, as more specifically set forth within 11 U.S.C. §547(b)(5).

12. The Defendant was the initial transferee for whose benefit the transfer was made, and as a result, the Plaintiff is entitled to recover this transfer from the Defendant pursuant to 11 U.S.C. § 550(a)(1). Alternatively, the Defendant is an immediate or mediate transferee of the initial transferee for whose benefit the transfer was made, and as a result, the Plaintiff is entitled to recover this transfer from it pursuant to 11 U.S.C. § 550(a)(2).

WHEREFORE the Plaintiff Michael R. Bakst, as Trustee in Bankruptcy for The Dewing Corporation, requests that the Court enter a judgment setting aside and avoiding the subject preferential transfers pursuant to 11 U.S.C. §§ 547 and 550 in the amount of $10,000.00, whereby such transfer shall be found to be an avoided preferential transfer, that a judgment be entered in favor of the Plaintiff against the Defendant Gentry Beach in the amount of $10,000.00, plus court costs and interest from the date of the Trustee's demand for payment, being July 1, 2010, and that the Court such other further relief as the Court deems just and proper.

### COUNT II RECOVERY OF AVOIDED TRANSFERS PURSUANT TO 11 U.S.C. §550

13. The Plaintiff realleges paragraphs 1 through 9 as if fully set forth herein.

RM:7519165:1

14. This count is pled as an effectuating account whereby to whatever extent the Court deems it necessary for the Plaintiff to specifically seek to recover any avoided transfer pursuant to a separately pled count, this count is being separately pled.

15. Upon the Court setting aside and avoiding the transfer referenced in the preceding count, for any amount more or less than $10,000.00, the Plaintiff seeks to recover such transfer pursuant to 11 U.S.C. § 550(a)(1) or § 550(a)(2).

WHEREFORE the Plaintiff Michael R. Bakst, as Trustee in Bankruptcy for The Dewing Corporation, respectfully requests that the Court enter judgment that the Defendant Gentry Beach was the initial transferee for whose benefit the transfer referenced above in the amount of $10,000.00 was made, and as a result, the Plaintiff is entitled to recover such transfer pursuant to 11 U.S.C. § 550(a)(1). Alternatively, the Defendant Gentry Beach is the immediate or mediate transferee of the initial transferee for whose benefit the transfer was made, and as a result, the Plaintiff is entitled to recover such transfer pursuant to 11 U.S.C. § 550(a)(2), plus such other and further relief as the

Court deems just and proper.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and that I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

Dated: July ___, 2010.

                                            **RUDEN McCLOSKY, , P.A.**

                                            MICHAEL R. BAKST, Esq.
                                            Florida Bar No. 866377
                                            G. STEVEN FENDER, Esq.
                                            Florida Bar No. 060992
                                            Attorneys for Trustee
                                            222 Lakeview Ave., Suite 800
                                            West Palm Beach, Florida 33401
                                            Telephone: (561) 838-4565
                                            Facsimile: (561) 514-3465

Gentry Beach
1085 Park Avenue, Apt. 6C
New York, NY 10128

RM:7519165:1

5

```
CORALIA VALDES
36/48    SEQER                    95
20090123               41   00001000000
         605/6  WS:VP5    OPR:TAPE
XCFV13G        JOBN6893

PALM BEACH
LOCATOR# 75-FL-S178
, FL
```



EXHIBIT "A"

# MICHAEL R. BAKST, TRUSTEE

## UNITED STATES BANKRUPTCY TRUSTEE

PMB-702, SUITE 160
222 LAKEVIEW AVENUE
WEST PALM BEACH, FL 33401

TELEPHONE 561.838.4539
FACSIMILE 561.514.3439
E-MAIL baksttrustee@ruden.com

July 1, 2010

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
Gentry Beach
1085 Park Ave Apt. 6C
New York, NY 10128

Re:   **In re Dewing Corporation**
      **Case No. 09-15955-BKC-EPK**

Dear Mr. Beach:

On April 1, 2009, The Dewing Corporation (the "Debtor") filed a voluntary Chapter 7 bankruptcy petition in the Southern District of Florida in Case Number 09-15955-BKC-EPK. I was appointed as the Chapter 7 Trustee on May 15, 2009. For your reference, I have enclosed a copy of the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines.

It has come to the attention of the Trustee that a payment has been made to you, or for your benefit, from the Debtor which would qualify as a fraudulent transfer pursuant to 11 U.S.C. § 548 and/or Chapter 726, Florida Statutes, or would qualify as a preferential transfer pursuant to 11 U.S.C. § 547. This letter is being sent to demand return of the funds to the Trustee **within ten (10) days from the date of this letter**. Your check should be made payable to Michael R. Bakst, Trustee in Bankruptcy for The Dewing Corporation, and should be sent to 222 Lakeview Avenue, #800, West Palm Beach, Florida 33401.

If payment is not made, the Trustee may have no other choice but to bring an adversary proceeding against you within the Bankruptcy Court here in Florida. A copy of the payment in the amount of $10,000.00 which has been made to you is included herein.

Be guided accordingly.

Very truly yours,

MICHAEL R. BAKST
Trustee

MRB/kw
Enclosures

RM:7488451:1

# EXHIBIT "B"

FORM B9D (Chapter 7 Corporation/Partnership Asset Case) (12/1/08)                                      Case Number 09-15955-EPK

# UNITED STATES BANKRUPTCY COURT
## Southern District of Florida
### www.flsb.uscourts.gov

## Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines

A chapter 7 bankruptcy case concerning the debtor listed below was filed on 4/1/09.

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be accessed electronically via CM/ECF including at the public access terminals in every clerk's office.
**NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.**

### See Reverse Side For Important Explanations and SDFL Local Court Requirements.

**Debtor(s) name(s) and address(es) (for names include married, maiden and trade used by the debtor(s) in the last 8 years):**
The Dewing Corporation
dba Dewings Fly & Gun Shop
123 Datura Street
West Palm Beach, FL 33401

| Case Number: 09-15955-EPK | Last four digits of Social-Security or Individual Taxpayer-ID (ITIN) No(s)./Complete EIN: ████6290 |
|---|---|
| **Attorney for Debtor(s) (or Pro Se Debtor) name and address:**<br>Richard D Nadel Esq<br>3300 PGA Blvd #810<br>Palm Beach Gardens, FL 33410<br>Telephone number: (561) 622-9353 | **Bankruptcy Trustee (name and address):**<br>Robert C Furr<br>www.furrcohen.com<br>2255 Glades Road Ste 337W<br>Boca Raton, FL 33431<br>Telephone number: 561-395-0500 |

## MEETING OF CREDITORS

Date: **May 8, 2009**                            Time: **10:00 AM**
Location: **Flagler Waterview Bldg, 1515 N Flagler Dr Rm 870, West Palm Beach, FL 33401**

**WARNING TO DEBTOR:** Without further notice or hearing the court may dismiss your case for failure of the debtor to appear at the meeting of creditors or failure to timely file required schedules, statements or lists.

## Deadlines:
Documents submitted for filing must be *received* by the bankruptcy clerk's office by the following deadlines:

### Deadline to File a Proof of Claim:
For all creditors (except a governmental unit): 8/6/09              For a governmental unit: 9/28/09

### Deadline to Object to Trustee's Report of Abandonment:
See explanation on reverse.

### Creditor with a Foreign Address
A creditor to whom this notice is sent at a foreign address should read the information under "Claims" on the reverse side.

## Creditors May Not Take Certain Actions:
In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

| Address of the bankruptcy clerk's office where assigned judge is chambered:<br>Flagler Waterview Bldg<br>1515 N Flagler Dr #801<br>West Palm Beach FL 33401<br>Telephone: 561-514-4100 | |
|---|---|
| Hours Open: Monday – Friday 9:00 AM – 4:30 PM<br>Closed all Legal Holidays | Clerk of the Bankruptcy Court: Katherine Gould Feldman<br>For: Judge Erik P. Kimball<br>Date: 4/2/09 |

# EXPLANATIONS

FORM B9D (12/1/08)

| | |
|---|---|
| Filing of Chapter 7 Bankruptcy Case | A bankruptcy case under Chapter 7 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by or against the debtor(s) listed on the front side (or the existing case under another chapter has been converted to chapter 7). |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions are listed in Bankruptcy Code § 362. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; and starting or continuing lawsuits or foreclosures. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time and location listed on the front side. *The debtor's representative must be present at the meeting to be questioned under oath by the trustee and by creditors.* **Creditors are welcome to attend, but are not required to do so.** The meeting may be continued and concluded at a later date without further notice. As mandated by the Department of Homeland Security, ALL visitors (except minors accompanied by an adult) to any federal building or courthouse, must present a current, valid, government issued photo identification (e.g., drivers license, state identification card, passport, or immigration card). |
| Claims | A Proof of Claim is a signed statement describing a creditor's claim. If a Proof of Claim form is not included with this notice, you can obtain one at any bankruptcy clerk's office. A secured creditor retains rights in its collateral regardless of whether that creditor files a Proof of Claim. If you do not file a Proof of Claim by the "Deadline to file a Proof of Claim" listed on the front side, you might not be paid any money on your claim from other assets in the bankruptcy case. To be paid, you must file a Proof of Claim even if your claim is listed in the schedules filed by the debtor. However, if this is a converted case, all claims filed under the initial chapter shall be deemed filed and need not be refiled. Filing a Proof of Claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a Proof of Claim may surrender important nonmonetary rights, including the right to a jury trial. Claims not filed via CM/ECF can be filed at any clerk's office location using the claim form provided with this notice. To receive acknowledgement of receipt by the clerk, enclose a copy of the claim and an adequate sized stamped self addressed envelope. **Filing Deadline for a Creditor with a Foreign Address:** The deadlines for filing claims set forth on the front of this notice apply to all creditors. If this notice has been mailed to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline. |
| Liquidation of the Debtor's Property and Payment of Creditors' Claims | The bankruptcy trustee listed on the front side of this notice will collect and sell the debtor's property that is not exempt. If the trustee can collect enough money, creditors may be paid some or all of the debts owed to them, in the order specified by the Bankruptcy Code. To make sure you receive any share of that money, you must file a Proof of Claim, as described above. |
| Bankruptcy Clerk's Office | Documents filed conventionally in paper may be filed at any bankruptcy clerk's office. Documents may be viewed in electronic format at any clerk's office public terminal (no charge for viewing) or via PACER ON THE INTERNET (charges apply). Case filing information and unexpired deadline dates can be obtained by calling the Voice Case Information System: (305)536-5979 or (800)473-0226. |
| Creditor with a Foreign Address | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |
| Abandonment of Property by Trustee | Pursuant to Local Rule 6007-1(A), the trustee will abandon at the meeting of creditors all property that the trustee has determined is of no value to the estate and file a report within 2 business days. Objections to the report must be filed within 15 calendar days of the meeting. |
| Electronic Bankruptcy Noticing | Parties can now choose to receive all notices (including attachments) served by the clerk's office electronically instead of via US mail. For information on or to register for this free service, contact the Bankruptcy Noticing Center at www.ebnuscourts.com |
| Translating Services | Language interpretation of the meeting of creditors will be provided to the debtor at no cost, upon request to the trustee, through a telephone interpreter service. Persons with communications disabilities should contact the U.S. Trustee's office to arrange for translating services at the meeting of creditors. |

— Refer to Other Side for Important Deadlines and Notices —

```
CORALIA VALDES
36/48    SEQER              95
20090123          41   00001000000
         605/6  WS:VP5     OPR:TAPE
XCFV13G    JOBN6893

PALM BEACH
LOCATOR# 75-FL-S178
, FL
```

